United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 24 HOUR FITNESS USA, INC., ) | Case No. 11-2695 SC |
| ) | |
| Plaintiff, ) | ORDER TRANSFERRING CASE TO |
| ) | THE CENTRAL DISTRICT OF |
| v. ) | CALIFORNIA |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| COMPANY OF PITTSBURGH, PA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Plaintiff 24 Hour Fitness USA, Inc. ("Plaintiff") brings this action for reimbursement of attorneys' fees and expenses that it allegedly incurred defending a consumer class action suit, Friedman v. 24 Hour Fitness USA, Inc., No. CV 06-6282 (the "Friedman lawsuit"), in the United States District Court in the Central District of California.  ECF No. 1 ("Compl.") ¶¶ 1, 7.  The Central District preliminarily approved the class settlement in the Friedman lawsuit on March 29, 2010 and entered an order of final approval of the class settlement on July 12, 2010.  Id. ¶ 12. Plaintiff alleges that Defendant National Union Fire Insurance Company ("Defendant") is obligated to pay for fees and expenses incurred by Plaintiff in defending against the Friedman lawsuit but has refused to do so.  Id. ¶¶ 27, 29.

    Plaintiff alleges that diversity jurisdiction exists pursuant

to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.  Id. ¶ 4. Plaintiff also claims that venue lies in the Northern District because Defendant resides in this district and the defense expenditures in the Friedman lawsuit were incurred and paid by 24 Hour Fitness in this district.  Id. ¶ 5.

In diversity cases, venue is proper in a judicial district where: (1) "any defendant resides," (2) "a substantial part of the events or omissions giving rise to the claim occurred," or (3) "any defendant is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(a).  Under 28 U.S.C. 1404(a), a district court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of parties, in the interest of justice."  The district court may transfer venue sua sponte.  See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 965-966 (9th Cir. 1993); Bell v. Univ. of Cal. Davis Med. Ctr., No. 11-01590 CW, 2011 U.S. Dist. LEXIS 71206, at *1-2 (N.D. Cal. July 1, 2011).

A substantial part of the events giving rise to Plaintiff's claims occurred in the Central District, where Plaintiff defended against the Friedman suit.  Accordingly, in the interest of justice, this case is transferred to the Central District of California.

IT IS SO ORDERED.

Dated: September 27, 2011

UNITED STATES DISTRICT JUDGE

2